**Ajai BHATIA, Plaintiff–Appellant,**

v.

**State of CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES (DCF), Defendant–Appellee.**

No. 07–2612–cv.

United States Court of Appeals, Second Circuit.

March 18, 2009.

**52**

Ajai Bhatia, pro se.

Daniel R. Schaefer, Assistant Attorney General, for Richard Blumenthal, Attorney General, Hartford, CT, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, Hon. TIMOTHY C. STANCEU,* Judge.

### ·SUMMARY ORDER

Ajai Bhatia appeals from a judgment of the United States District Court for the District of Connecticut. The district court granted the defendant's motion—unopposed by Bhatia—to dismiss this *pro se* action under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. The court denied a subsequent application by Bhatia to reconsider that ruling. We assume the parties' and counsel's familiarity with the facts and procedural history of the case, and the issues presented on appeal.

We review *de novo* the grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Chapman v. N.Y. State Div. for Youth,* 546 F.3d 230, 235 (2d Cir.2008).

■ The district court was correct to dismiss the complaint as pleaded. The named defendant, as a state agency, is not susceptible to liability under section 1983, both because such an agency is not a "person" within the meaning of that statute, *see Will v. Mich. Dep't of Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and because state agencies are entitled to Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

■ Even construing the complaint liberally to identify individual officers as defendants, we would still conclude that the defendants were immune because the complaint does not seek "an injunction that governs the official's future conduct." *Id.* at 102–03, 104 S.Ct. 900. Rather, it asks for damages and an injunction requiring the defendant to supply the plaintiff with a written apology.

■ Moreover, Bhatia's claims for failure to investigate, false arrest, malicious prosecution, and invasion of privacy are barred by Connecticut's three-year statute of limitations for a § 1983 action. *See* Conn. Gen. Stat. § 52–577; *Walker v. Jastremski,* 430 F.3d 560, 562 (2d Cir.2005), *cert. denied,* 547 U.S. 1101, 126 S.Ct. 1887, 164 L.Ed.2d 573 (2006). Those claims are based on acts that occurred prior to December 2001—Bhatia did not file his complaint until November 2006.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.